```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

----------------------------X
                            :
UNITED STATES OF AMERICA,    :
                            :    CR-08-546 (KAM)
        v.                   :
                            :    September 3, 2008
JOSEPH CALCATERRA,           :
                            :    Brooklyn, New York
            Defendant.       :
                            :
----------------------------X


          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
           BEFORE THE HONORABLE KIYO A. MATSUMOTO
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:          ROSLYNN R. MAUSKOPF, ESQ.
                             UNITED STATES ATTORNEY
                             BY: NICOLE ARGENTIERI, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             225 Cadman Plaza East
                             Brooklyn, New York  11201



For the Defendant:           SALVATORE STRAZZULLO, ESQ.




Audio Operator:


Court Transcriber:           ARIA TRANSCRIPTIONS
                             c/o Elizabeth Barron
                             31 Terrace Drive, 1st Floor
                             Nyack, New York 10960
                             (215) 767-7700



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

 1          THE CLERK:  Criminal cause for arraignment and

 2     pleading.  08-CR-546, USA versus Joseph Calcaterra.  Please

 3     state your appearances for the record.

 4          MS. ARGENTIERI:  Nicole Argentieri for the United

 5     States.  Good afternoon, your Honor.

 6          THE COURT:  Good afternoon.

 7          MR. STRAZZULLO:  Good afternoon, your Honor.

 8     Salvatore Strazzullo, Strazzullo Law Firm, on behalf of the

 9     defendant, Joseph Calcaterra.

10          THE COURT:  Good afternoon.  Good afternoon, Mr.

11     Calcaterra.

12          THE DEFENDANT:  Good afternoon.

13          THE COURT:  Sir, do you speak and understand

14     English without difficulty?

15          THE DEFENDANT:  Yes.

16          THE COURT:  I'd like you to raise your right hand

17     and take an oath to tell the truth, please.

18          (Defendant is sworn)

19          THE COURT:  Alright, have a seat, Sir.  Mr.

20     Calcaterra, before deciding whether to accept your guilty

21     plea, there are a number of questions that I must ask you to

22     assure myself that your plea is valid.

23          If you do not understand one of my questions or

24     need clarification, please let me know.  Do you understand,

25     Sir, that having been sworn, your answers to my questions

1  are subject to penalties of perjury or of making false

2  statements if you do not answer truthfully?

3  　　　　　THE DEFENDANT:  Yes.

4  　　　　　THE COURT:  Sir, would you state your full name

5  for the record, please?

6  　　　　　THE DEFENDANT:  My name is Joseph Calcaterra.

7  　　　　　THE COURT:  Mr. Calcaterra, how old are you?

8  　　　　　THE DEFENDANT:  Thirty-seven.

9  　　　　　THE COURT:  And, Mr. Calcaterra, would you tell

10 the Court what schooling or education you have had?

11 　　　　　THE DEFENDANT:  Starting from elementary school?

12 　　　　　THE COURT:  Well, how far did you go in school,

13 Sir?

14 　　　　　THE DEFENDANT:  John Adams High School.  Dropped

15 out in twelfth grade.

16 　　　　　THE COURT:  Alright.  Sir, have you been able to

17 communicate with your counsel in English?

18 　　　　　THE DEFENDANT:  Yes.

19 　　　　　THE COURT:  Do you have any difficulty speaking or

20 reading English?

21 　　　　　THE DEFENDANT:  Not at all.

22 　　　　　THE COURT:  Are you presently or have you recently

23 been under the care of any physician or psychiatrist?

24 　　　　　THE DEFENDANT:  No, I have not.

25 　　　　　THE COURT:  In the past twenty-four hours have you

1    taken any narcotic drugs, medicine or pills or consumed any

2    alcoholic beverages?

3            THE DEFENDANT:  No, I have not.

4            THE COURT:  Have you ever been hospitalized or

5    treated for any alcohol or narcotic addiction?

6            THE DEFENDANT:  No, I have not.

7            THE COURT:  Have you ever been treated for any

8    mental or emotional problems?

9            THE DEFENDANT:  No.

10           THE COURT:  Is your mind clear now, Sir?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you understand what is going on in

13   this proceeding?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Mr. Calcaterra, have you been

16   furnished with a copy of the charges against you in the case

17   08-0546?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Mr. Calcaterra, the information in

20   this case charges that on or about and between September,

21   2004 and May, 2005, those dates being approximate and

22   inclusive, within the Eastern District of New York, Joseph

23   Calcaterra, together with others, knowingly and

24   intentionally conspired to make extortionate extensions of

25   credit to John Doe, an individual whose name or identity is

known to the United States Attorney.  That information
charges a federal violation, a felony violation, of criminal
code Title 18 USC Section 892(a) and 3551 and following.

Sir, do you understand that charge?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Calcaterra, you do have a
constitutional right to be charged by an indictment of the
grand jury.  But you can waive that right and consent to
being charged by information of the United States Attorney.

Instead of an indictment, the felony charge
against you has been brought by the United States Attorney
by the filing of an information.

Unless you waive your right to be indicted, you
may not be charged with a felony under federal law unless a
grand jury finds by return of the indictment that there is
probable cause to believe that a crime has been committed
and that you committed that crime.

If you do not waive indictment, the government may
present its case to the grand jury and request the grand
jury to indict you.

A grand jury is composed of at least sixteen and
not more than 23 persons who are citizens of the Eastern
District of New York.  They're not employees of the Court or
of the government.

At least twelve of those grand jurors must find

1  that there is probable cause to believe that you committed a

2  crime with which you are charged before you may be indicted.

3  The grand jury might or might not actually indict you.

4        If you waive indictment by the grand jury, the

5  case will proceed against you on the U.S. Attorney's

6  information just as though you had been indicted.

7        Do you understand, Sir?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Have you discussed the matter of

10  waiving your right to be indicted by a grand jury with your

11  attorney?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Do you understand that you do have the

14  right to be indicted, Sir?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you wish to waive your right to

17  indictment by a grand jury?

18        THE DEFENDANT:  Yes.

19        THE COURT:  Have any threats or promises been made

20  to induce you to waive your right to be indicted?

21        THE DEFENDANT:  No.

22        THE COURT:  Counsel, do you see any reason why Mr.

23  Calcaterra should not waive indictment in this case?

24        MR. STRAZZULLO:  No, your Honor.

25        THE COURT:  Alright, Mr. Calcaterra, I have before

1  me a document entitled "Waiver of Indictment".  I'd like to

2  ask you, Sir, whether you've had an opportunity to read that

3  document and discuss the terms of this document with your

4  attorney?

5          THE DEFENDANT:  Yes, I have read it.

6          THE COURT:  Do you understand what this document

7  provides, Sir?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Did you have an opportunity to sign

10 this document in open court?

11         THE DEFENDANT:  Yes, I have.

12         THE COURT:  Is that your signature on the

13 document, Sir?

14         THE DEFENDANT:  Yes, it is.

15         THE COURT:  Alright.  The Court finds that Mr.

16 Calcaterra has knowingly and voluntarily waived his right to

17 indictment and the Court will accept Mr. Calcaterra's waiver

18 of his right to be indicted.

19         Sir, I've discussed with you and have basically

20 arraigned you on the information brought by the United

21 States Attorney.

22         Do you understand the charge as I have discussed

23 it with you?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Would you like me to read verbatim the

1　information or do you waive formal reading?

2　　　　　　MR. STRAZZULLO:  Your Honor, on behalf of my

3　client, so waived.

4　　　　　　THE COURT:  Alright.  Do you have any questions

5　about the charge, Sir?

6　　　　　　THE DEFENDANT:  No, I do not.

7　　　　　　THE COURT:  Counsel, have you discussed the matter

8　of pleading guilty with your client?

9　　　　　　MR. STRAZZULLO:  Yes, your Honor.

10　　　　　THE COURT:  Does Mr. Calcaterra understand the

11　rights that he would be waiving if he were to plead guilty?

12　　　　　MR. STRAZZULLO:  Yes, he does, your Honor.

13　　　　　THE COURT:  Is Mr. Calcaterra, in your opinion,

14　capable of understanding the nature of the proceedings we

15　are holding right now?

16　　　　　MR. STRAZZULLO:  Yes, your Honor.

17　　　　　THE COURT:  Do you have any doubt as to whether or

18　not Mr. Calcaterra is competent to plead guilty at this

19　time?

20　　　　　MR. STRAZZULLO:  No, your Honor.

21　　　　　THE COURT:  Have you advised Mr. Calcaterra of the

22　maximum and minimum sentence and fine that could be imposed

23　as a result of his guilty plea?

24　　　　　MR. STRAZZULLO:  I have, your Honor.

25　　　　　THE COURT:  Have you also discussed with Mr.

1    Calcaterra how the sentencing guidelines may be considered

2    in his case?

3            MR. STRAZZULLO:  Yes, your Honor.

4            THE COURT:  Mr. Calcaterra, I'd like to remind you

5    that you do have the right to be represented by counsel.

6    You're here with your counsel today.  And if you have any

7    need to confer with your counsel at any time, just let me

8    know.  Alright, Sir?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Have you had the chance to discuss

11   your case with your counsel?

12           THE DEFENDANT:  Yes, I have.

13           THE COURT:  And are you satisfied to have your

14   counsel represent you?

15           THE DEFENDANT:  Yes, I do, your Honor.

16           THE COURT:  Have you received a copy of the

17   information in this case, Sir?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Do you have any questions about the

20   charges set forth in the information?

21           THE DEFENDANT:  No, I have no questions.

22           THE COURT:  Mr. Calcaterra, you do have a right to

23   plead not guilty to the information.

24           Do you understand?

25           THE DEFENDANT:  Yes, I understand.

1          THE COURT:  If you were to plead not guilty to the

2     information, under the Constitution and laws of the United

3     States you would be entitled to a speedy and public trial by

4     a jury with the assistance of your attorney on the charges

5     contained in the information, CR-08-546.

6          Do you understand?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  At the trial, you would be presumed to

9     be innocent.  And the government would have to overcome that

10    presumption and prove you guilty by competent evidence and

11    beyond a reasonable doubt as to each and every one of the

12    elements of the crime charged in the indictment.

13         You would not have to prove that you were

14    innocent.  If the government failed to prove you guilty

15    beyond a reasonable doubt, the jury would have the duty to

16    find you not guilty.

17         Do you understand?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Sometimes juries do return verdicts of

20    not guilty even though the jurors believe that the defendant

21    on trial probably committed the crimes charged.

22         When a jury returns a not guilty verdict, they're

23    not necessarily saying that they believe the defendant is

24    innocent but they may be saying that they are not satisfied

25    beyond a reasonable doubt that the government has proven

1  that the defendant is guilty.

2  Do you understand the difference, Sir?

3  THE DEFENDANT:  Yes, I do.

4  THE COURT:  In the course of the trial, the

5  witnesses for the government would have to come to court and

6  testify in your presence.  And your attorney would have the

7  right to cross-examine those witnesses and to object to any

8  of the evidence offered against you by the government.

9  Your attorney would have the right but not the

10  obligation to present evidence and witnesses on your behalf.

11  Do you understand?

12  THE DEFENDANT:  Yes, I do.

13  THE COURT:  At the trial, while you would have the

14  right to testify if you chose to do so, you could not be

15  required to testify.

16  Under the Constitution of the United States you

17  cannot be compelled to incriminate yourself.  Thus, if you

18  decided not to testify, I would instruct the jury that they

19  could not hold that against you.

20  Do you understand?

21  THE DEFENDANT:  Yes, I do, your Honor.

22  THE COURT:  If you plead guilty and I accept your

23  plea, you will be giving up your constitutional right to a

24  jury trial and all the other rights that I've just

25  described.

1    There will be no further trial of any kind and no

2  right to appeal from the judgement of guilty.  You will

3  essentially be convicted based upon your plea of guilty

4  during the proceeding we are having right now.

5    And the prosecution will be free of any

6  responsibility to prove anything about what you did in

7  connection with the crime charged in the information.

8    Do you understand?

9    THE DEFENDANT:  Yes.

10    THE COURT:  If you were to proceed to a trial and

11  were convicted by the jury's verdict, you would have the

12  right to ask the Court of Appeals to review the legality of

13  all of the proceedings leading up to your conviction.

14    But when you enter a guilty plea, you are

15  substituting your own words for the jury's verdict.  And

16  when you do that, you give up your right to bring an appeal

17  or other legal challenge to your conviction or the judgement

18  of guilt entered against you.

19    Do you understand?

20    THE DEFENDANT:  Yes, I do, your Honor.

21    THE COURT:  If you plead guilty, I will have to

22  ask you questions about what you did in order to satisfy

23  myself that you are, in fact, guilty of the charge to which

24  you seek to plead guilty.

25    You will have to answer my questions truthfully

1  and acknowledge your guilt.  Thus, you will be giving up

2  your right not to incriminate yourself.

3          Do you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Are you willing to give up your right

6  to a trial and the other rights I've just discussed with

7  you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Alright.  And I just want to make

10  sure.  I saw you look at your counsel, Sir.  Do you, on your

11  own, wish to give up your right to a trial and the other

12  rights I've just discussed?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Alright.  I understand that Mr.

15  Calcaterra and the government have entered into an agreement

16  which we've marked as Court Exhibit number one.

17          I'd like to ask you, Mr. Calcaterra, whether your

18  signature appears on the last page above the line that says

19  Joseph Calcaterra, defendant?

20          THE DEFENDANT:  Yes, it is my signature.

21          THE COURT:  Mr. Calcaterra, before signing this

22  document, did you have a chance to read it and to discuss

23  the terms of this document with your attorney?

24          THE DEFENDANT:  Yes, I have.

25          THE COURT:  Do you understand what this document

1   provides, Sir?

2           THE DEFENDANT:  Yes, I do.

3           THE COURT:  By signing this document, do you

4   intend to indicate both that you understand the document and

5   you agree to the terms?

6           THE DEFENDANT:  Yes, I agree to the terms, your

7   Honor.

8           THE COURT:  Alright.  And you understand what the

9   document provides, Sir?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Alright, Sir, do you have any

12   questions about the charge to which you intend to plead

13   guilty?

14           THE DEFENDANT:  No.

15           THE COURT:  Alright, let me then inform you of the

16   maximum sentence and fine that could be imposed as a result

17   of your guilty plea.  Those are found at paragraph one of

18   your agreement.

19           You face a maximum term of imprisonment of 20

20   years.  A minimum term of imprisonment of zero years.  You

21   face a maximum supervised release term of five years which

22   would follow any term of imprisonment.

23           While you are on supervised release, the Probation

24   Department will have the authority to supervise your

25   activities and to require that you report to your officer

1    about your activities.

2              If you fail to comply with the terms of your

3    supervised release, you could be sentenced to prison for up

4    to three years without any credit for any time you may have

5    already served in prison as a result of your conviction and

6    without any credit for time you may have already served on

7    supervised release.

8              Do you understand?

9              THE DEFENDANT:  Yes.

10             THE COURT:  You also face a maximum fine of

11   $250,000 and a restitution judgement in an amount to be

12   determined at your sentencing.

13             The government will be presenting evidence about

14   restitution and your attorney will have the opportunity to

15   review that presentation and to present your own views about

16   restitution.

17             In addition, you will face a mandatory $100

18   special assessment which generally must be paid by the time

19   you are sentenced.

20             Do you understand, Sir?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I just want to also confirm that Mr.

23   Calcaterra is a U.S. citizen and, therefore, not subject to

24   deportation or removal from the United States.

25             MS. ARGENTIERI:  That's the government's

1 understanding.

2          MR. STRAZZULLO:  Yes, your Honor.

3          THE COURT:  Alright.  In addition, Mr. Calcaterra,

4 I'd like to advise you that under the Sentencing Reform Act

5 of 1984, the United States Sentencing Commission has issued

6 guidelines for judges to follow in determining a sentence in

7 a criminal case.

8          The Supreme Court has decided that those

9 sentencing guidelines are not mandatory but rather advisory.

10 The sentencing guidelines provide a range of sentence within

11 the statutory minimum and statutory maximum.

12          I will be considering those guidelines as well as

13 factors set forth in Title 18 USC Section 3553 in

14 determining your sentence.  Your agreement at paragraph two

15 advises you that those sentencing guidelines are not

16 mandatory but rather advisory.

17          In addition, paragraph two of your agreements sets

18 forth the government's estimated adjusted offense level as a

19 level 14 which carries a sentencing range of imprisonment of

20 between 15 to 21 months.

21          Have you spoken with your attorney about this

22 provision of your agreement, Sir?

23          THE DEFENDANT:  Yes, I have, your Honor.

24          THE COURT:  Have you also discussed with your

25 attorney how the sentencing guidelines may be considered in

1  your case?

2            THE DEFENDANT:   Yes, I have.

3            THE COURT:   In addition, Mr. Calcaterra, I'd like

4  to advise you that paragraph four of your agreement provides

5  that you agree you will not file an appeal or challenge to

6  your sentence or conviction if I impose a sentence of 21

7  months or less.

8            Do you understand that you are waiving your right

9  to appeal any sentence of 21 months or less?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Do you also understand that I will not

12 be able to determine your sentence until after the Probation

13 Department prepares what is called a presentence report and

14 you and your attorney are given the opportunity to review

15 that report and to object to any of the facts reported by

16 the Probation Department?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you also understand that after I do

19 consider the sentencing guidelines, that I will have

20 authority to impose a sentence that is more or less severe

21 than that called for by the sentencing guidelines?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Do you also understand that parole has

24 been abolished?  And if you are sentenced to prison you will

25 not be released on parole.

1          THE DEFENDANT:  I understand.

2          THE COURT:  Let me ask counsel for Mr. Calcaterra,

3    Mr. Strazzullo, do you agree with the government's estimated

4    offense level and estimated guideline range?

5          MR. STRAZZULLO:  Yes, I do, your Honor.

6          THE COURT:  Mr. Calcaterra, I'd like you to

7    understand that even though your attorney does agree with

8    the government's estimated offense level and guideline

9    range, that those estimates could be incorrect.

10         And that if they are deemed incorrect or if I

11   impose a sentence other than what you and your attorney and

12   the government have estimated, that that will not be a basis

13   for your to withdraw your plea.

14         Do you understand, Sir?

15         THE DEFENDANT:  Yes, I do understand.

16         THE COURT:  Alright, Sir.  I will have a right to

17   accept your plea based upon the record of the proceeding we

18   are holding right now without hearing anything more from

19   you.

20         And if I do accept your plea, you may not,

21   thereafter, change your mind.

22         Do you understand?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you have any questions that you

25   would like to ask me about the charges or about your rights

1  or any other matters relating to this proceeding?

2  THE DEFENDANT:  No questions, your Honor.

3  THE COURT:  Are you ready to plead, Sir?

4  THE DEFENDANT:  I plead guilty.

5  THE COURT:  Alright, Sir.  Let me ask Mr.

6  Strazzullo, do you know of any reason why Mr. Calcaterra

7  should not plead guilty?

8  MR. STRAZZULLO:  No, your Honor.

9  THE COURT:  Are you aware of any viable legal

10  defenses that are causing you to counsel your client not to

11  proceed with his guilty plea?

12  MR. STRAZZULLO:  No, your Honor.

13  THE COURT:  Mr. Calcaterra, you stated that you

14  wish to plead guilty.  Is that correct?

15  THE DEFENDANT:  Yes, your Honor, that's correct.

16  THE COURT:  Are you making the plea of guilty

17  voluntarily and of your own free will?

18  THE DEFENDANT:  Yes, your Honor.

19  THE COURT:  Has anyone threatened you or forced

20  you to plead guilty?

21  THE DEFENDANT:  No, no one has.

22  THE COURT:  Has anyone made any promises that have

23  caused you to plead guilty, Sir?

24  THE DEFENDANT:  No.

25  THE COURT:  Has anyone made any promise to you

1  about what your sentence will be?

2          THE DEFENDANT:  No.

3          THE COURT:  At this time, Mr. Calcaterra, I'd like

4  you to state in your own words what you did in connection

5  with the acts charged in the information.

6          THE DEFENDANT:  Between September, 2004 and May,

7  2005, I agreed with others to commit extortionate extension

8  of credit in Queens where the interest rate of the loan was

9  more than 45 percent annual and it was reasonable for the

10  borrower to believe non-payment could be punishable with

11  extortionate means.

12          THE COURT:  Alright, Sir, and did you knowingly

13  and intentionally make this agreement with other people to

14  extend this extortionate credit to this individual?

15          THE DEFENDANT:  Yes, I did.

16          THE COURT:  And you said you did this in Queens,

17  New York?  Is that correct, Sir?

18          THE DEFENDANT:  Yes, it is.

19          THE COURT:  Alright.  Let me just ask the

20  government if there's anything else they would like to hear

21  from Mr. Calcaterra in connection with his plea allocution?

22          MS. ARGENTIERI:  Yes, your Honor, just that the

23  extension of credit was made.

24          THE COURT:  Did you, in fact, make the

25  extortionate extension of credit to this individual, Sir?

1          THE DEFENDANT:  Yes.

2          MS. ARGENTIERI:  That was sufficient, your Honor.

3          THE COURT:  Alright, let me just ask counsel for

4     the defendant.  Sir, is there anything you would like to add

5     to your client's allocution?

6          MR. STRAZZULLO:  No, your Honor.

7          THE COURT:  Mr. Calcaterra, based upon the

8     information given to me, I find that you're acting

9     voluntarily, that you fully understand the rights and the

10    consequences of your plea and that there is a factual basis

11    for your plea of guilty to the information.

12          I will, therefore, accept your plea of guilty to

13    the information.  I would urge you to cooperate with the

14    Probation Department in the preparation of your presentence

15    report.

16          I'd like to advise you that we have scheduled your

17    sentencing date for December 3, 2008 at 11:00 am.  In

18    addition, I'd like to advise you, Sir, that you can appeal

19    your conviction if you believe that your guilty plea during

20    this proceeding was somehow unlawful or involuntary or there

21    is some other fundamental defect in the proceeding that was

22    not waived by your guilty plea.

23          You have a statutory right to appeal your sentence

24    under certain circumstances if you think your sentence is

25    contrary to law.  However, you may waive and have waived

some of those rights as part of your agreement with the government.

Such waivers are generally enforceable, but if you believe that the waiver is not enforceable, you may present your arguments to the appellate court.

With few exceptions, any notice of appeal must be filed within ten days of judgement being entered in your case.

If you cannot pay the cost of an appeal, you may apply for leave to file an appeal in forma pauperis. And, if you request, the clerk of the Court will prepare and file a notice of appeal on your behalf.

That, again, is, you know, to occur if at your option after sentence and judgement is entered.

Have we addressed the issue of bail for Mr. Calcaterra or has it been addressed previously?

MS. ARGENTIERI: It has been addressed previously, your Honor.

THE COURT: It has been?

MR. STRAZZULLO: Yes.

MS. ARGENTIERI: Yes, your Honor. I did initial on the complaint.

THE COURT: Alright. Alright, the Court will continue the conditions of release for Mr. Calcaterra until the time of sentencing.

1          I just didn't see a record of that in the docket

2 before me.

3          MS. ARGENTIERI:  Yes, your Honor.  He was

4 arraigned on May 23rd before Judge Mann.

5          THE COURT:  Okay.

6          MS. ARGENTIERI:  And he was released on bond.  It

7 was a $20,000 bond secured by, I believe, by the signature

8 of his mother and her home.

9          MR. STRAZZULLO:  It was on the mom's home, your

10 Honor.

11          THE COURT:  Alright, very well.  Those conditions

12 will be continued.

13          MR. STRAZZULLO:  Yes, your Honor.

14          THE COURT:  Assuming that the mother continues to

15 agree to serve as a suretor for him.

16          MR. STRAZZULLO:  Your Honor, there's just one more

17 matter, if I may?

18          THE COURT:  Yes.

19          MR. STRAZZULLO:  My client will be attending a

20 wedding in New Hampshire this weekend with his girlfriend.

21 I've spoken to Mrs. Argentieri, she has no objection to it.

22 And Probation has no objection to it.

23          THE COURT:  Pretrial Services?

24          MR. STRAZZULLO:  Yes.

25          THE COURT:  Alright, the only thing I would ask,

1  Mr. Calcaterra, is that you provide to your Pretrial

2  Services officer the information where you will be staying

3  this weekend and when you return back to New York on Monday

4  or Sunday --

5          THE DEFENDANT:  Sunday.

6          THE COURT:  Sunday you report on Monday to your

7  officer that you're back.  Just by telephone that you're

8  back in the, you know, the district.

9          MR. STRAZZULLO:  Thank you, Judge.

10          THE COURT:  Alright, okay.  Thank you.

11          * * * * * * * * * * * *

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          I certify that the foregoing is a correct transcript

19    from the electronic sound recording of the proceedings in

20    the above-entitled matter.

21

22

23

24

25    ELIZABETH BARRON                    October 8, 2008